PARIENTE, J.,
concurring.
I concur in the majority opinion but write separately to emphasize that this Court’s approval of the proposed constitutional amendment for placement on the ballot is limited to whether the amendment meets the single subject and ballot summary requirements. In other words, the merits or wisdom of the proposal is irrelevant to whether the proposed amendment may be placed on the ballot. Thus, our approval of the amendment should not be construed as an expression on the merits or wisdom of the proposed constitutional amendment or whether the subject matter of the proposed amendment is one more appropriately addressed by the Legislature for inclusion in the statutory law of this State. See Advisory Opinion to the Attorney Gen. re Fla. Transp. Initiative for Statewide High Speed Monorail, Fixed Guideway or Magnetic Levitation Sys., 769 So.2d 367, 868-69 (Fla.2000).
However, I cannot help but observe that the issue of whether pregnant pigs should be singled out for special protection is simply not a subject appropriate for inclusion in our State constitution; rather it is a subject more properly reserved for legislative enactment. I thus find that former Justice McDonald’s observations made when this Court reviewed the net fishing amendment continue to ring true today:
The merit of the proposed amendment is to be decided by the voters of Florida and this Court’s opinion regarding the wisdom of any proposed amendment is irrelevant to its legal validity. I am concerned, however, that the net fishing amendment is more appropriate for inclusion in Florida’s statute books than in the state constitution.

The legal principles in the state constitution inherently command a higher status than any other legal rules in our society. By transcending time and political mores, the constitution is a document that provides stability in the law and society’s consensus on general, fundamental values. Statutory law, on the other hand, provides a set of legal rules that are specific, easily amended, and adaptable to the political, economic, and social changes of our society.

The power to change both the constitution and statutory law is, theoretically, vested in the people. The power to amend the constitution is implicit in the declaration in article I, section 1, Florida Constitution, that “[a]ll political power is inherent in the people.” The 1968 revision of the state constitution adopted the Revision Commission’s recommendation to include a section explicitly dealing with the initiative process. According to article XI, section 3, “[t]he power to propose the revision or amendment of any portion or portions of this constitution by initiative is reserved to the people .... ” Recognizing the sovereignty of the people, I still feel compelled to express my view that the permanency and supremacy of state constitutional jurisprudence is jeopardized by the recent proliferation of constitutional amendments.
*601 Undoubtedly, some of Florida’s most crucial legal principles have evolved as a result of the initiative process. However, the legislative power of the state is vested in the Legislature, art. Ill, § 1, and on matters that are statutory in nature, a concerted effort should be made to have the Legislature address the subject. The technical requirements, such as the single-subject rule and the requirements of section 101.161(1), Florida Statutes (1991), appear insufficient to prevent abuse of the amendment process. At this juncture, rather than espouse any particular solution as to how to prevent such abuse, I merely express my thought that some issues are better suited as legislatively enacted statutes than as constitutional amendments. It is my hope that the next Revision Commission will have the opportunity to establish some criteria regarding the subject matter of initiatives that will preserve the constitution as a document of fundamental laws, while still preserving the popular power of the people.
Advisory Opinion to the Attorney Gen.—Limited Marine Net Fishing, 620 So.2d 997, 999-1000 (Fla.1993) (McDonald, J., concurring) (footnote and citation omitted) (emphasis supplied). Unfortunately, as of this date, no changes to the citizen’s initiative process have been made, and thus the number of initiatives continues to proliferate without restriction as to their subject matter. Unless changes are made to the citizen’s initiative process, this Court has no choice but to restrict its review solely to whether the proposed constitutional amendment comports with the single subject and ballot summary requirements.
ANSTEAD and LEWIS, JJ, concur.